IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
02 OCT 28 PM 3:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 28 2002

BRONSON & MIGLIACCIO, LLP, et al.,

 Plaintiffs,

v.

VELDA P. KINSEY, et al.,

 Defendants.

CIVIL ACTION NO.
02-AR-2026-S

## MEMORANDUM OPINION

The court has before it the motion of defendants, Velda P. Kinsey and Robert O. Kinsey ("the Kinseys"), to dismiss for lack of subject matter jurisdiction the above-entitled action bought by plaintiffs, Bronson & Migliaccio, LLP ("Bronson & Migliaccio"), and CACV, Inc. ("CACV"). The complaint seeks no relief except to compel defendants to enter into a binding arbitration of the controversy that is the subject of a separate suit in the state court brought by these defendants (there plaintiffs) against these plaintiffs (there defendants). Plaintiffs in this court have invoked this court's jurisdiction pursuant 28 U.S.C. § 1332, asserting that the citizenships of plaintiffs and defendants are diverse and that the amount in controversy exceeds $75,000. This court assumes, *arguendo*, that the amount in controversy in the underlying state action does exceed $75,000.

If this court were writing on a clean slate, it would say exactly what it said in its hypothetical opinion inserted as dictum

in *Ericsson GE Mobile v. Motorola Communications*, 179 F.R.D. 328 (N.D. Ala. 1998). This court there expressed respectful disagreement with the Eleventh Circuit's finding in *Ericsson GE Mobile v. Motorola Communications*, 120 F. 3d 216 (11th Cir. 1997), that this court lacked subject matter jurisdiction because this court did not recognize that for the purpose of ascertaining the amount in controversy in a diversity case only the viewpoint of the plaintiff can be considered, or, in other words that the trial court must look exclusively to the value of the relief that the **plaintiff** can obtain and cannot consider what that relief may cost the **defendant**. In *Fidelity Warranty Serv. v. Kidd*, 45 F. Supp. 2d 1284 (N.D. Ala. 1999), affirmed at 196 F. 3d 1262 (11th Cir. 1999), rehearing *en banc* den'd at 204 F. 3d 1124 (11th Cir. 1999), cert. den'd, 529 U.S. 1069, 120 S. Ct. 1679 (2000), this court reluctantly followed the Eleventh Circuit's instructions in *Ericsson GE*, being bound by *stare decisis*. In *Ericsson GE*, the Eleventh Circuit had clearly, if somewhat weakly, restated its position on the proper perspective for determining the amount in controversy. Its position was and still is directly contrary to the position of a majority of the circuits, as was explained by this court at 179 F.R.D. 328. The majority of circuits and of the commentators believe that the amount in controversy can be looked at from either side of the controversy. Fortunately or unfortunately, this court's "opinion" at 179 F.R.D. 328 cannot be

located except by serendipity because West Publishing Company does not have a key number for "free legal advice."

This court was excited when the Supreme Court of the United States recently granted certiorari in *Ford Motor Co. v. McCauley*, 534 U.S. 1126, 122 S. Ct. 1065 (2002), and ostensibly agreed to decide the very question addressed by this court in *Fidelity Warranty* and posed again in the instant case. See *In re Ford Motor Co./Citibank* (S.D.) N.A., 264 F. 3d 952 (9th Cir. 2001). This court was betting that the Supreme Court would vicariously overrule *Ericsson GE* and would echo the frustration with *Ericsson GE* manifested by Judge Cox in *Davis v. Carl Cannon Chevrolet-Olds*, 182 F. 3d 792, 796 (11th Cir. 1999), in which, speaking for the Eleventh Circuit, Judge Cox said:

> Why we look to the value of each plaintiff's claim, rather than to the defendant's total exposure, is lost in the mists of antiquity; no Supreme Court case that this court has been able to locate explains the rationale behind this seemingly arbitrary rule. *See* 14B Charles A. Wright, et al., Federal Practice & Procedure, § 3704, at 127 (3d ed. 1998). ("The traditional principles in this area have evolved haphazardly and with little reasoning. They serve no apparent policy . . . ."). **But a rule it is, and it applies here.**

(emphasis supplied).

On October 15, 2002, the Supreme Court *sua sponte* dismissed its writ of certiorari in *McCauley* as improvidently granted, leaving the circuits in their present state of confusion and disarray, and leaving *Ericsson GE* intact as the law of the Eleventh Circuit. As

Judge Cox said: **"A rule it is; and it applies here."** Unless and until the Supreme Court establishes a rule consistent with the majority position on the subject at hand, or the Eleventh Circuit considers the question *en banc* and joins the majority, a plaintiff cannot enter a federal court in the Eleventh Circuit with no purpose other than to obtain an order sending a controversy to an arbitral forum. The facts (1) that this court was affirmed in *Fidelity Warranty*, (2) that an application for *en banc* rehearing was denied by the Eleventh Circuit, and (3) that the Supreme Court denied certiorari in that case, leads this court to reject plaintiffs' arguments that are the same arguments made by this court at 179 F.R.D. 328.

Defendants' motion to dismiss will be granted by separate order.

DONE this 28th day of October, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE